UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RASHIDI G. SMITH,

                Plaintiff,

-against-

DEPARTMENT OF CORRECTIONS; N.Y. CITY; CITY COUNCIL; UNKNOWN EMPLOYEES; GRVC; OBCC,

                Defendants.

24-CV-9476 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, Chief United States District Judge:

    Plaintiff, who currently is incarcerated at Elmira Correctional Facility in the custody of the New York State Department of Corrections and Community Supervision, brings this action *pro se*. Plaintiff asserts claims under 42 U.S.C. § 1983, alleging violations of his own rights and the rights of detainee Andre Antrobus. By separate order, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.[1]

**STANDARD OF REVIEW**

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. See 28 U.S.C. § 1915(b)(1).

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

The following facts are drawn from the complaint.[2] Plaintiff states that his claims arose on November 27, 2023, January 24, 2024, and April 25, 2024, and took place at multiple facilities on Rikers Island, including the Anna M. Kross Center (AMKC), the Otis Bantum Correctional Center (OBCC), and the George R. Vierno Center (GRVC).[3] Plaintiff asserts the following:

> I was retaliated on for Helping Mr Antrobus[4] same way he was retaliated on with assaut[.] Its from Employees and inmates[.] Employees hired to Assault, cut Andre etc. cause of false charge of fighting in a psychiatric hospital! against 14 NYC RR 22.2 (d) trial court rules and Judicial imperitive precedent *People v. Russell*, 4 Misc Ad 1021 which is binding[.] Also victim Mr. Ankincina denies altercation, pain, injury, assault, distress, & discomfort and still locked up Antrobus and retaliated (Block mail, take evidence and assault), and whoever helps him like me !!!
>
> [H]eld and steal my mail[.] I alerted captains, city council, Asst. Comm, wardens, & etc. to no avail condoning stealing my mail and sometime returning it 6 to 9 months later wasting my postage stamps 10,000 00 in funds[.]

(ECT 1 at 4.)

In addition, Plaintiff alleges:

> [D]enial of freedom & liberty of motions untimely with writs, petitions Etc. taking evidence denial access to courts through district attorneys orders !!! And

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[3] Plaintiff does not link the dates or locations to the facts alleged in the complaint.

[4] Andre Antrobus has brought numerous suits *pro se* alleging that he was subjected to false charges of having engaged in a fight in a psychiatric hospital, and he is barred, under the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), from filing any new action IFP while he is a prisoner. *See Antrobus v. Dep't of Corr.*, No. 24-CV-9474, ECF No. 6 (S.D.N.Y. Jan. 27, 2025) (Swain, C.J.) (Bar Order listing strikes against Antrobus). He is not a party to this action.

> when you bring it up or grieve it ! its met with retalation of violence and locking you in your cell plus Brutality.

(*Id.* at 5.)

Plaintiff sues the New York City Department of Correction (named as "Department of Corrections"), and two of its facilities (GRVC and OBCC), New York City, "City Council," "Unknown Employees," and, seeking damages.

## DISCUSSION

**A.      Claims on behalf of Andre Antrobus**

As a non-attorney, Plaintiff cannot bring claims on behalf of other detainees. "[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *see also Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991). Any claims that Plaintiff may be attempting to bring on behalf of Andre Antrobus must therefore be dismissed.

**B.      Defendants lacking capacity to be sued: DOC, GRVC, OBCC**

In federal court, an entity's capacity to be sued is generally determined by the law of the state where the court is located. *See* Fed. R. Civ. P. 17(b)(3); *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*." (emphasis in original)). Under New York law, agencies of the City of New York cannot be sued in the name of the agency, unless the relevant law provides otherwise. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law.").

The New York City Department of Correction (DOC) does not have the power to sue and be sued in its own name. *See* N.Y. City Charter ch. 25, §§ 621-627 (describing structure and powers of the DOC); *Echevarria v. Dep't of Corr. Servs.*, 48 F. Supp. 2d 388, 391 (S.D.N.Y. 1999) ("[S]uits against the DOC are suits against a non-suable entity and are properly dismissed upon that basis."). Facilities within the DOC also lack the capacity to sue or be sued. *Rivera v. Rikers Island, C 74*, No. 02-CV-1560 (PKC) (FM), 2004 WL 1305851, *1 (S.D.N.Y. May 13, 2004) (dismissing claims against Rikers Island, C 74 "[b]ecause DOC facilities and DOC itself are . . . not suable entities"). Plaintiff's claims against the DOC, GRVC, and OBCC must therefore be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

If Plaintff chooses to replead his claims in an amended complaint, Defendants DOC, GRVC, and OBCC should not be named because these entities lack the capacity to be sued; claims against these entities must be brought against the City of New York.

**C.    Short and plain statement**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

4

Here, Plaintiff's allegations are insufficient to put any defendant on notice of the claims against them. He alleges that he suffered retaliation, possibly involving delays with mail and "district attorneys orders." (ECF 1 at 4-5.) Plaintiff's allegations do not state a claim against Defendant "unknown employees" because it is unclear how any employee was personally involved in violating his rights. Moreover, Plaintiff does not allege any facts about the type of mail involved (incoming or outgoing, legal or regular), what any employee personally did or failed to do and when, or whether this affected any legal claim.

These allegations also do not state a claim against Defendant City of New York because Plaintiff does not allege that the mail issues involved a policy, custom, or practice of the City of New York that caused a violation of his constitutional rights.[5] When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978)). Plaintiff's allegations, which do not assert a policy, custom, or

---

[5] A plaintiff may satisfy the policy or custom requirement by alleging one of the following: "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of the those who come into contact with the municipal employees." *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010) (citations omitted).

practice on the part of the City of New York, must therefore be dismissed for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.    Claims against New York City Council**

Plaintiff alleges that he alerted the New York City Council of problems with his mail in facilities at Rikers Island but his notice to the City Council was "to no avail," and he reasons that the City Council is "condoning stealing [his] mail." (ECF 1 at 4.) "The City Council is, of course, 'the principal legislative body of the City of New York, a political subdivision of the State of New York.'" *Ball v. New York City Council*, No. 17-CV-4828 (JMF), 2018 WL 4625625, at *3 (S.D.N.Y. Sept. 26, 2018) (*citing Lifrak v. New York City Council*, 389 F. Supp. 2d 500, 504 (S.D.N.Y. 2005)); *see also* New York City Charter ch. 2 § 28 (powers of council). Plaintiff does not challenge local rules or regulations adopted by the City Council, or plead any facts suggesting how the City Council is responsible for oversight of mail delivery at Rikers Island. Because Plaintiff does not allege facts showing how any policy, custom, or practice on the party of the New York City Council caused a violation of his rights, these allegations fail to state a claim on which relief can be granted under Section 1983. 28 U.S.C. § 1915(e)(2)(B)(ii).

**E.    State law claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006)

6

("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff may be able to allege additional facts to state a valid claim against the City of New York or individual defendants who were personally involved in violating his rights, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   October 9, 2025
         New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.